

IN THE
TENTH COURT OF APPEALS

No. 10-24-00164-CV

IN THE INTEREST OF J.R.B. AND R.R.C., CHILDREN

From the 220th District Court
Hamilton County, Texas
Trial Court No. FM07022

OPINION

After a bench trial, the trial court rendered a final order terminating the parental rights of J.R.B. and R.R.C.'s Mother. This appeal ensued. During the appeal, this Court was notified Mother had passed away. Therefore, we dismiss this appeal as moot.

AUTHORITY

Generally, "if a party to a civil case dies after the trial court renders judgment but before the case has been finally disposed of on appeal, the appeal may be perfected, and the appellate court will proceed to adjudicate the appeal as if all parties were alive." Tex. R. App. P. 7.1(a)(1). However, "Rule 7.1 does not dispense with the requirement of an existing actual controversy and generally an appeal will be allowed to proceed on

the death of a party only if the judgment affects the parties' property rights as opposed to purely personal rights." *In re C.H.S.*, No. 07-17-00117-CV, 2017 WL 6614508, at *1 (Tex. App.—Amarillo Dec. 20, 2017, no pet.) (mem. op.). A party's death moots an appeal to the extent the appellate court's action on the merits could affect personal rights, but not to the extent the court's action on the merits could affect property rights. *See Interest of S.R.F.*, No. 04-21-00049-CV, 2021 WL 3742680, at *2 (Tex. App.—San Antonio Aug. 25, 2021, pet. denied). Conservatorship and possessory rights regarding children are considered personal rights; thus, the death of a party during an appeal of an order concerning child custody will generally moot the appeal. *See Dunaway v. Phillips*, No. 01-19-00698-CV, 2019 WL 5996618, at *1 (Tex. App.—Houston [1st Dist.] Nov. 14, 2019, no pet.) (mem. op.).

DISCUSSION

Here, Mother appealed from the trial court's termination of her parental rights to her children. On July 11, 2024, this Court notified Mother that this appeal may be dismissed unless Mother filed a response showing grounds for continuing the appeal. Mother's attorney responded with the following reasons for continuing the appeal:

1. In November 2023, the trial court allowed foster parents to intervene under Texas Family Code 102.005 (3) and (5).

2. The Mother would argue that intervention was improper due to the pleading only requesting termination, not adoption.

3. The foster parents should never have been allowed to intervene in November 2023. A petition for adoption was later filed in March of 2024,

after the final trial had commenced in February 2024. The plain letter of the statute requires that this be pleaded at the outset.

4. The maternal grandmother stands ready to continue the appeal as a substitute litigant on behalf of the mother.

None of the provided reasons for continuing the appeal address property rights. Therefore, any action by this Court on the merits of this appeal would affect only personal rights. *See id*; TEX. FAM. CODE ANN. § 161.206. Accordingly, we dismiss Mother's appeal as moot.

MATT JOHNSON
Justice

Before Chief Justice Gray*,
      Justice Johnson, and
      Justice Smith
*(Chief Justice Gray dissenting)
Appeal dismissed
Opinion delivered and filed August 29, 2024
[CV06]

